# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72921-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| NEMERI SOROR MONDO, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: November 23, 2015 |
| | ) | |

Cox, J. — Nemeri Mondo appeals his conviction for felony harassment, asserting instructional error. The trial court defined reasonable doubt for the jury, as Mondo requested, with language that has been approved by our supreme court. We affirm.

At trial, Mondo proposed a jury instruction citing Washington Pattern Jury Instruction: Criminal 4.01 (WPIC) that states:

> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence.[1]

The trial court instructed the jury as Mondo requested.

The jury convicted Mondo as charged, and the trial court imposed a standard range sentence. Mondo appeals.

---

[1] Clerk's Papers at 16.

1

## JURY INSTRUCTION

Mondo contends that the instruction defining reasonable doubt as a doubt "for which a reason exists" was constitutionally deficient because it required the jury to articulate a reason for having a reasonable doubt. Relying on State v. Emery,[2] Mondo also argues that the instruction resembles the improper "fill in the blank" arguments that may constitute prosecutorial misconduct.

As the State correctly points out, Mondo invited any error here by proposing the instruction he now challenges.[3] The invited error doctrine "applies even when the error is of constitutional magnitude."[4] For this reason, we must reject his argument.

Moreover, Mondo concedes that that our supreme court has directed trial courts to use WPIC 4.01 to instruct juries on the burden of proof and the definition of reasonable doubt.[5] In State v. Kalebaugh, the supreme court recently reaffirmed that WPIC 4.01 was "the correct legal instruction on reasonable doubt . . . ."[6] After correctly instructing the jury during preliminary remarks that reasonable doubt was "a doubt for which a reason *exists*," the trial judge in Kalebaugh paraphrased the explanation as "a doubt for which a reason *can be given*."[7] In concluding that the error in the trial judge's "offhand

---

[2] 174 Wn.2d 741, 760, 278 P.3d 653 (2012).

[3] State v. Gentry, 125 Wn.2d 570, 645, 888 P.2d 1105 (1995).

[4] State v. McLoyd, 87 Wn. App. 66, 69, 939 P.2d 1255 (1997).

[5] State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007); see also State v. Castillo, 150 Wn. App. 466, 469, 208 P.3d 1201 (2009).

[6] 183 Wn.2d 578, 586, 355 P.3d 253 (2015).

[7] Id. at 585 (emphasis in original).

explanation of reasonable doubt"[8] was harmless beyond a reasonable doubt, the court rejected any suggestion that WPIC 4.01 required the jury to articulate a reason for having a reasonable doubt or was akin to an improper "fill in the blank" argument.[9] For this additional reason, we reject his claim on appeal.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Leach, J._                     _Becker, J._

---

[8] Id. at 586.

[9] "We do not agree that the judge's effort to explain reasonable doubt was a directive to convict unless a reason was given or akin to the 'fill in the blank' approach that we held improper in State v. Emery." Id. at 585.